B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** NYEPLU L. KPODI / DOE F. KPODI | **DEFENDANTS** KEITH J. SMITH |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) (PRO SE) P.O. BOX 2307 EAST ORANGE, NJ 07019 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin  ☒ Creditor  ☐ Other  ☐ Trustee | **PARTY** (Check One Box Only) ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin  ☐ Creditor  ☐ Other  ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

FRAUD AS FIDUCIARY, EMBEZZLEMENT, LARCENY, FALSE PRETENSES, FALSE REPRESENTATION, ACTUAL FRAUD.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U S C §§78aaa et seq
☐ 02-Other (e g other actions that would have been brought in state court if unrelated to bankruptcy case)

FILED SEP 21 2011 Clerk, U.S. District and Bankruptcy Courts

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 32,181.80 |

Other Relief Sought

RECEIVED Mail Room
SEP 21 2011
Angela D. Caesar, Clerk of Court
U.S. Bankruptcy Court, District of Columbia

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR KEITH J. SMITH | | BANKRUPTCY CASE NO. 11-00481 |||
| DISTRICT IN WHICH CASE IS PENDING DISTRICT OF COLUMBIA | | DIVISION OFFICE | | NAME OF JUDGE TEEL |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||||
| DATE SEPTEMBER 20, 2011 SEPTEMBER 20, 2011 |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) NYEPLU L. KPODI Doe F. KPODI |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**FILED**

**SEP 21 2011**

Clerk, U.S. District and
Bankruptcy Courts

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | Case No. 11-00481 |
| | Chapter 7 |
| Keith J. Smith | Adv. Proc. No. |

*Debtor*

Nyeplu L. Kpodi

Doe F. Kpodi

P.O. Box 2307

East Orange, NJ 07019

*Plaintiff(s)*

**Complaint By Nyeplu L. Kpodi**

**And Doe F. Kpodi (*Pro se*)**

v.

Keith J. Smith

7316 Flower Ave.

Takoma Park, MD 20912

*Defendant*



RECEIVED
Mail Room

SEP 21 2011

Angela D. Caesar, Clerk of Court
U.S. Bankruptcy Court, District of Columbia

## **STATEMENT OF FACTS**

This complaint is against Keith J. Smith who filed for the dischargement of every debt that he owes under Chapter 7 of the Bankruptcy Code on June 27 2011. Mr. Smith illegally gained administrator status for the Estate of Sarah G. Kpodi (Deceased). The plaintiffs seeks the relief of their judgment debt from the dischargeability under sections 523(a)(4) and 523(a)(2) of the Bankruptcy Code Mr. Smith was hired by one of the heirs of the estate, Heiachor J, Kpodi, to represent him as personal counsel. Mr. Smith then forged the signatures of both plaintiffs, Nyeplu L. Kpodi and Doe F. Kpodi, to waive bond and obtain the administrator status for the Estate. Mr. Smith also lied that he was a creditor of the Estate. The facts of this case are set forth in full in Alan Solomon Esq. petition to have Keith J. Smith show cause why he should not be required to provide an accounting and to reimburse the estate (the petition is attached hereto as 'Exhibit 1"). The petition prompted an investigation by the Auditor Master, who subsequently filed a "Proposed Resolution" (attached hereto as "Exhibit 2"). The Auditor Master's Report prompted an Order from the District of Columbia Probate Court granting judgment against Mr. Smith, in the favor of the plaintiffs Nyeplu L. Kpodi and Doe F. Kpodi ("Order" is attached hereto as "Exhibit 3"). Below are a summary of the facts that Keith J. Smith illegally gain access to personal representative status of the Estate and acted dishonestly while he was administrator of the Estate.

1. On February 15, 2007, Mr. Smith filed a petition for standard probate and had himself appointed personal representative of the Estate of the plaintiff's late mother, Sarah G. Kpodi, misrepresenting that he was creditor of the Estate. At that time, Mr. smith was representing one of the heirs to the Estate, Heiachor, and thus was acting in his capacity as an attorney. As described in the paragraph 1 of the Petiton of Alan Solomon Esq., the Court later removed Mr. Smith as personal representative of the Estate based upon a finding that he had misrepresented himself as creditor of the Estate and the fact that he was already the attorney of one of the heirs, Heiachor,

before he filed the Petition to become personal representative of the Estate.

2. In his filing for probate, Smith included a waiver of bond form which was allegedly signed by plaintiffs, Nyeplu and Doe kpodi. However, both of their signatures were forged. For evidence of the forgery, compare the signatures on the Bond Waiver Forms to those of the signatures on the Irrevocable Assignment Agreement signed by both plaintiffs. The real property that was part of the Estate was assigned to Heiachor by the other three heirs of the Estate. Mr. Smith expressly stated, under penalty of perjury, that he, as personal representative of the Estate, would distribute the remaining assets equally to all four of the heirs. Mr. Smith breached the Assignment Agreement, that he created, by not distributing the assets of the Estate equally amongst all four heirs of the Estate, but instead favored his client Heiachor. (Waiver of Bond Forms and Irrevocable Assignment Agreements attached hereto as "Exhibits 4 and 5").

3. As described in paragraphs 55, 56 and 125 of the Proposed Resolution from the Auditor Master, Smith failed to marshal and distribute the agreed upon $20,000.00 in rent collected and owed to the Estate by his client Heiachor. This was also a breach of the Assignment Agreement.

4. As described in paragraphs 14-15 of the Petition of Alan Solomon Esq., Smith wrongfully applied a mortgage insurance payment directly to the real estate property that was assigned to his client, Heiachor, by the other three heirs. Although the mortgage insurance proceeds were part of the Estate, Smith distributed them to pay the mortgage on the property that was assigned to his client Heiachor. These mortgage insurance proceeds were therefore used solely for his client Heaichor's benefit, rather than being distributed to all the heirs through probate.

5. As described in paragraphs 14-15 of the Petition of Alan Solomon Esq., funds in a Wachovia Bank Money Market Account were marshaled by Smith

as personal representative, but were not equally distributed to all four heirs, but also used for the benefit of his client, Heiachor, and himself.

6. As described in paragraph 45 of the Proposed Resolution from the Auditor Master, Smith awarded himself $4,000.00 in legal fees from the Estate. Smith was not entitled to attorney's fees because he was not attorney for the Estate, he only was Heiachor's personal attorney. Smith was retained by Heiachor J. Kpodi, his client, the one whom he represented and favored in his entire administration of the Estate. The Washington D.C. Probate Court Judge awarded Nyeplu and Doe Kpodi, the plaintiffs, an additional $3,000.00 which represented their share of the $4,000.00 attorney's fees that Smith dishonestly took from the Estate. Again this money was entrusted to Smith and he was inappropriately retained, thereby constituting embezzlement.

7. The plaintiffs have tried numerous methods to recover their judgment against Mr. Smith. In addition, to simple demand letters, they have placed a lien on property owned by Mr. Smith. The plaintiffs hired an attorney to help them in the probate proceedings and expended $5,250.00 in legal fees. Plaintiffs have since hired a collection firm in an attempt to collect on their judgment. Despite multiple attempts to try to resolve this matter with Smith, he has only responded once, in a letter denying the amount of the judgment against him. After mailing him a copy of the judgment, plaintiffs have yet to receive another response from Smith. He will not cease from his dishonest conduct.

## CONCLUSION

The plaintiff's losses were the direct result of Mr. Smith's dishonest conduct while acting as an attorney on behalf of his client Heiachor j. Kpodi. His conduct went clearly beyond honest mistakes made by an inexperienced

personal representative. Given the extraordinary power over an estate's assets afforded a personal representative, any dishonest misappropriation of those assets is clearly the act of embezzlement. Plaintiffs also would like to note that, after speaking with the DC Office of Bar Counsel, there is a current Petition for the disbarment of Mr. Smith from the DC Bar. Although the Petition is not based upon this particular case, the DC Office of Bar Counsel does have evidence of other cases where Smith acted dishonestly. The conduct of the *Defendant* is part in parcel of his continuing dishonest conduct which caused the *Plaintiffs* to lose $32,181.80. With facts of this case, coupled with Smith's prior conduct, plaintiffs, Nyeplu and Doe Kpodi, ask that the US Bankruptcy Court to relieve their judgment of $32,181.80 under sections 523(a)(4) and 523(a)(2) of the Bankruptcy Code plus interest at the rate of 3%, beginning on May 2, 2009 until the date of satisfaction, from the debt dischargement sought out by Keith J. Smith under Chapter 7 of the Bankruptcy Code. The plaintiffs seeks the opportunity to continue to pursue the collection of their judgment debt.

Respectfully submitted,

Nyeplu L. Kpodi

P.O. Box 2307

East Orange, NJ. 07019

Doe F. Kpodi

P.O. Box 2307

East Orange, NJ. 07019

# CERTIFICATE OF SERVICE

We the *Plaintiffs*, NYEPLU L. KPODI and Doe F. Kpodi certify that a copy of this complaint was mailed on SEPT. 20, 2011 to the following individual and address:

Keith J. Smith

7316 Flower Ave.

Takoma Park, MD 20912

Service was made via regular United States first class mail, postage fully pre-paid and addressed to the *Defendant* at the above listed address.

Under penalty of perjury, we declare that the foregoing is true and correct.

Date SEPT. 20, 2011        Signature [signed]

Date _____        Signature [signed]

Print Name:        NYEPLU L. KPODI
Business Address:  P.O. BOX 2307
                   EAST ORANGE, NJ 07019

Print Name:        Doe F. Kpodi
Business Address:  Post Box 2307
                   East Orange, NJ 07109