**The document below is hereby signed.**

**Dated: January 20, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA
```

```
In re                         )
                              )
KEITH J. SMITH and LATONYA    )   Case No. 11-00481
A. SMITH,                     )   (Chapter 7)
                              )
           Debtors.           )
_____)
                              )
NYEPLU L. KPODI and DOE F.    )
KPODI,                        )
                              )
           Plaintiffs,        )
                              )   Adversary Proceeding No.
      v.                      )   11-10040
                              )
KEITH J. SMITH,               )   For Publication in West's
                              )   Bankruptcy Reporter
           Defendant.         )
```

<u>MEMORANDUM DECISION AND ORDER RE APPLICATION FOR ENTRY OF DEFAULT</u>

The defendant Smith appeared through counsel at a scheduling conference and agreed to entry of an order directing that an answer or motion (meaning a motion under Rule 12 of the Federal Rules of Civil Procedure) responding to the complaint be filed by December 22, 2011. No answer or motion was filed by December 22, 2011, and the plaintiffs filed an application for entry of default. Only after that application was filed did the defendant

file an answer.

Under Rule 55(a) of the Federal Rules of Civil Procedure, when a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Although the defendant's appearance at the scheduling conference was an effort at that time to appear and defend, the defendant's failure to comply with the December 22, 2011 deadline for filing an answer or motion in defense was a subsequent failure to plead or otherwise defend within the meaning of Rule 55(a) mandating the clerk's ministerial act of entering a default.

Rule 55(a) was amended in 2007 to change "plead or otherwise defend as provided by these rules" to merely "plead or otherwise defend." The Advisory Committee Note to that amendment suggests that the change was meant to mean that if a party did something showing an intent to defend, a default should not be entered even if the act was not specifically described by the rules. Here, however, the 2007 amendment ought not be a reason for the clerk not to enter a default. As of the date of the filing of the application, the defendant had not answered or filed a motion to defend against the complaint. The defendant's late answer did not alter the fact that there had been a failure to defend.

Nor did the defendant's prior appearance at the scheduling conference alter the fact that the defendant later failed to

plead or otherwise defend as directed by the court's order setting a December 22, 2011 deadline for the filing of an answer or motion.  A mere appearance in a proceeding is not a sufficient basis to prevent entry of a default and of a default judgment, as Fed. R. Civ. P. 55(b)(2) recognizes that a default judgment may be entered even if there has been an appearance.  Moreover, even once a defendant timely answers a complaint, a default judgment may be entered based on a subsequent failure to defend.  *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 915 (3d Cir. 1992); *Ivy v. Thornton (In re Thornton)*, 419 B.R. 787, 790-91 (Bankr. W.D. Tenn. 2009).

In any event, the 2007 Advisory Committee Note indicated that the 2007 amendments were intended to be stylistic only.  The comments in that Note cannot be taken to literally mean that a default, based on a failure timely to file an answer or motion under Rule 12, can never be entered under Rule 55(a), if the defendant appeared and defended by way of participating in a scheduling conference at which scheduling deadlines were set.  If such a defendant is not permitted to file an answer or a Rule 12 motion out of time, it makes sense that a default judgment may be entered, and that a default may be entered as a prelude to, or incident to, the entry of that default judgment, even though there was an effort to defend at an earlier stage.

Finally, an application for the entry of default is directed

3

to the clerk, and Rule 55(a) ought to be interpreted in a way that is easy of application by the clerk.  The 2007 Advisory Committee Note observes that "[a]cts that show an intent to defend have frequently prevented a default, even though not connected to any particular rule" in rejecting the implication under the prior version of the rule that clerks should enter a default even if a party did something showing an intent to defend.  The Note, however, fails to cite to any decisions in support of that observation.  It is likely that the decisions upon which it relied were ones in which the issue arose when a court addressed whether under Rule 55(c) a defendant should be relieved of the entry of default, or arose when the court was asked to enter a default judgment prior to the clerk having entered a default under Rule 55(a).  In contrast to a clerk asked to perform the ministerial act under Rule 55(a) of entering a default, a judge has discretion to decide whether it is appropriate to set aside a default or to decline to enter a default judgment when a defendant was attempting to defend in the proceeding.  Rule 55(a) ought to be applied as requiring the clerk to perform the ministerial act of entering a default whenever there is a failure timely to file an answer or Rule 12 motion.  By conflating the issue of whether the defendant should be treated as in default in the exercise of the court's discretion with the issue of whether the record reflects a

4

failure to defend that requires the clerk, as a ministerial matter, to enter a default, the Advisory Committee Note only muddies Rule 55(a) instead of clarifying Rule 55(a).

Accordingly, I conclude that the clerk, when presented with an application for entry of default under Rule 55(a), must enter a default even though the defendant appeared at the scheduling conference and, later, after the plaintiffs filed their application for entry of default, filed an answer out of time. The proper vehicle for addressing whether the default should stand is a motion under Fed. R. Civ. P. 55(c) to set aside the entry of default for good cause.  In performing the ministerial task of acting on an application for entry of default, the clerk ought not engage in the discretionary task, vested in the court under Rule 55(c), to decide whether there is good cause to treat the defendant as not in default, including good cause based on efforts to defend in the proceeding.  It is thus

ORDERED that the clerk shall enter the default of the defendant.

[Signed and dated above.]

Copies to: All counsel of record.